[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is a general contractor who was hired by Crown Theaters to construct substantial improvements to a property leased by Crown. It hired the defendant T.A.T. Mason Enterprises as a subcontractor to do masonry work. The defendant Test-Con, Inc., was hired by B.B. Construction Consultants, Ltd., the owner's project representative, to perform various testing and inspection services, including structural masonry work done by TAT. Mason. The work performed by T.A.T. Mason allegedly turned out to to be faulty, and the plaintiff incurred substantial costs in correcting the problems. In this action, the plaintiff has sued T.A.T. Mason for breach of contract and negligence, and in the third count has sued Test-Con in negligence. The complaint alleges that at the time of its contract with B.B. Construction, Test-Con knew or should have known that the plaintiff would rely on Test-Con's expertise to conduct proper inspections and testing, that Test-Con was negligent and that RCD-Hudson was harmed as a result.
The defendant Test-Con has moved for summary judgment, claiming that the "economic loss" rule bars recovery in these circumstances. There was no privity of contract between Test-Con and the plaintiff and the damages allegedly sustained were purely "economic", that is, there is no claim of personal injury or property damage. In these circumstances, Test-Con claims, any recovery is barred by the economic loss doctrine. See, e.g.,Connecticut Mut. Life Ins. Co. v. N.Y.N.H. H.R. Co., 25 Conn. 265
(1856); Amity Regional School District #5 v. Atlas Construction Co., 2000 WL 1161095 (July 26, 2000); DeVillegas v. Quality Roofing, Inc., 1993 WL 515671 (Nov. 30, 1993).
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984). CT Page 1066
Because there is no genuine issue of fact regarding the lack of privity of contract and the claim of so-called economic damages only, then summary judgment should enter if Connecticut recognizes the "economic loss" rule as a hard and fast barrier to recovery. The plaintiff argues, however, that the economic loss rule does not unequivocally control the result in this case, because the allegations of the complaint support the conclusion that at the time of the transaction in issue Test-Con knew or should have known that RCD Hudson would rely on its testing and investigations. A separate relationship existed, then, to support the existence of a duty.
There does not appear to be a binding appellate authority specifically controlling the issue. An examination of the venerable case ofConnecticut Mut. Life Ins. Co. v. N.Y. N.H.R Co., 25 Conn. 265 (1856) may be instructive. There, the plaintiff insurance company became obligated to pay benefits to its insured, a Dr. Beach, when the latter was killed while a passenger on the defendant railroad. The insurance company claimed that it should be able to recoup the benefits paid from the railroad, because its loss was caused by negligence of the railroad. Holding that there could be no recovery in the circumstances presented, the Court held, at 276-77, that "in the absence of any privity of contract between the plaintiffs and the defendants, and of any direct obligation of the latter to the former growing out of the contract orrelation between the insured and the defendants, the loss of the plaintiffs, although due to the acts of the railroad company, being brought home to the insurers only through their artificial relation of contractors with the party who was the immediate subject of the wrong done by the railroad company, was a remote and indirect consequence of the misconduct of the defendants, and not actionable." (Emphasis added). As stated by Judge Nadeau in Darien Asphalt Paving, Inc. v. Town ofNewtown, 1998 WL 886507 (Dec. 7, 1998), the thrust of the holding was to set forth some standards to assess foreseeability. The lack of privity was certainly a primary consideration, but the case by its terms did not rule out altogether any other sort of relation among the parties such that a duty might be created in the absence of privity of contract.
Although not directly on point, Coburn v. Lenox Homes, Inc.,173 Conn. 567, 574-75 (1977), directly holds that economic loss can be recovered in tort even where privily of contract is absent. The key to the existence of the duty in tort is, generally, whether the general nature of the injury was foreseeable. It is difficult to reconcile the reasoning of Coburn with the notion of an inflexible economic rule.
Other courts in this jurisdiction have predicted that our Supreme Court would not adopt an inflexible economic loss rule but rather would examine CT Page 1067 the nature of the relationship between the parties to determine whether loss of the general nature alleged was reasonably foreseeable at the time of the transaction. Privily of contract provides such a relationship, of course, but others, such as knowledge of reasonable reliance, also may provide the nexus for the existence of an actionable duty. In the context of a case with facts analogous to those of this case, District Judge Hall, in a thorough and persuasive decision, suggested that Connecticut does not strictly follow the economic loss rule. Insurance Company ofNorth America v. Town of Manchester, 17 F. Sup.2d 81 (D.Conn. 1998). See also Darien Asphalt, supra; City of Danbury v. Flaherty GiavaraAssociates, Inc., 15 Conn.L.Trib. No. 1, p. 2 (1988).
An examination of the cases in which the economic loss rule has been a factor in denying recovery seems to show a pattern of the lack of any substantial relationship, contractual or otherwise, between the parties in those cases. In Connecticut Mutual, for example, there apparently was no relationship between the passenger's insurer and the railroad. InDeVillegas, supra, a corrections officer claimed that he lost overtime because the defendant roofing contractor negligently caused a fire at the facility where he worked. There was no direct connection between the fire and the employee's loss of overtime. The concept of duty, in which privily of contract or the absence thereof may well be a consideration, of course limits the universe of potential plaintiffs. Foreseeable reliance is also a factor to be considered in limiting the field of plaintiffs.
Finally, Test-Con has argued that the existence of legal duty involves a determination of reasonably foreseeable harm and a determination that public policy should recognize such a duty. See RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 386-87 (1994). In the instant case, it is urged, the finding of a duty would allow double recovery of damages, because there is another defendant, and we recognize a policy prohibiting double recovery. Suffice it to say that I am confident that double recovery in this case can ultimately be avoided.
Because I find that reasonable foreseeabiity has been sufficiently alleged[1], and I do not believe that our Supreme Court would necessarily and categorically require privity of contract to avoid the economic loss rule, the motion for summary judgment is denied.
Beach, J.